No. 27,587.

THE STATE OF KANSAS, *Appellee,* v. GEORGE COLLINS, *Appellant.*

(266 Pac. 938.)

Opinion filed May 5, 1928.

*Walter L. Bullock,* of Dodge City, and *J. W. Burrow,* of Gage, Okla., for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *E. C. Minner,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of stealing an automobile, and appeals.

The automobile belonged to E. C. Hitch, and was stolen by defendant and an accomplice, Carl Wood, from the home of Hitch's father-in-law, E. T. Hill, who lived six miles west of Dodge City. The thieves drove the automobile to Oklahoma, where defendant lived, and sold it to George Heglin. Heglin traded the automobile to some one who lived at Springfield, Colo., where it was recovered. When it was returned to Ford county the engine number was different from the number it bore when it was taken away. Wood testified the number was changed after the automobile was sold to Heglin, and he was not sure the change was made in defendant's presence. The testimony regarding change of number related to identity of the car, and was properly admitted.

Defendant confessed to King, the sheriff of Ford county. A contention that the confession related to a car other than the one he was convicted of stealing is refuted by the record.

Defendant contends the evidence shows the confession was not voluntary. Defendant was arrested in Oklahoma, by Bishop, who was an officer of that state. The following is all the abstract shows concerning the confession:

"Witness testified that he had a conversation with Sheriff King in which he admitted taking the car; that he had talked with Mr. Bishop, the arresting officer, at some time prior to this date, and that he, Bishop, told him that if he would own up to it he would turn him out."

There is no hint here that defendant was induced to confess to King by anything Bishop told the defendant. The counter abstract shows defendant testified his talk with Bishop occurred at the Dodge City jail in May, and within ten days after defendant was arrested. Defendant was placed in the Dodge City jail on May 12, immediately after his arrest. Sheriff King testified Bishop was not in Dodge City until June 17. The court submitted the evidence relating to defendant's confession to the jury, under proper instructions, which defendant admits covered the subject.

The counter, abstract discloses defendant's reason for selecting Bishop as the officer to be accused of promising leniency. Bishop had been active in breaking up a gang of automobile and harness thieves, and was murdered before trial of some of them was to have taken place in federal court, and before defendant's trial occurred. Hence there was no one to deny the promise.

An objection to the competency of a juror who had an opinion the automobile was stolen, but who was otherwise qualified, is without merit. Theft of the car was not disputed. The defense was that defendant was in Oklahoma when the car was stolen, and in stating the defense to the jury defendant's attorney recognized the fact that the car had been stolen.

The appeal is frivolous, and the judgment of the district court is affirmed.